UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FRANK VACCARO,

           Plaintiff,

     v.

CORPORATE RESOURCE SERVICES, INC.,

           Defendant.

No. 15-CV-3895 (RA)

ORDER

---

RONNIE ABRAMS, United States District Judge:

On May 20, 2015, Plaintiff Frank Vaccaro filed this action for breach of contract against Defendant Corporate Resource Services, Inc. On July 27, 2015, Defendant advised the Court that it had filed for Chapter 11 bankruptcy and that this action was thus subject to the automatic stay provision of the Bankruptcy Code, 11 U.S.C. § 362. On July 28, 2015, the Court directed the Clerk of Court to place this action on the suspense docket. Since then, the Court has requested periodic status updates from the parties. Plaintiff has failed to respond to numerous orders of this Court directing him to file a status update. For the reasons that follow, the case is dismissed, albeit without prejudice.

## BACKGROUND

On October 14, 2022, this Court issued an order directing Plaintiff to submit a status update by April 14, 2023.[1] Dkt. 39. Having received no letter from Plaintiff by that date, this Court issued another order on April 21, 2023, requiring Plaintiff to submit a status update by May 1, 2023. Dkt. 40. Again receiving no update from Plaintiff, this Court issued another order

---

[1] The Court inadvertently listed the deadline as April 22, 2022, but corrected the date to April 22, 2023 in a subsequent order. Dkts. 39, 40.

1

on October 2, 2023 requiring Plaintiff to submit a status letter to the Court by October 9, 2023. Dkt. 41. Because Plaintiff once again failed to submit a status letter, this Court issued yet another order on October 16, 2023 requiring Plaintiff to submit a status letter to the Court by October 23, 2023. Dkt. 42. Plaintiff did not do so. The October 2nd and October 16th orders warned Plaintiff that the failure to file a status letter "may result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." Dkts. 41, 42.

On October 26, 2023, this Court issued its fifth order directing Plaintiff to file a status letter, this time by November 2, 2023. In the October 26th order, the Court warned that the failure to file such a letter "*will* result in dismissal of this action pursuant to Federal Rule of Civil Procedure 41(b)." Dkt. 43 (emphasis added). To date, Plaintiff has not filed a status letter, applied for an extension of time, or otherwise communicated with the Court.

## LEGAL STANDARD

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may dismiss an action if "the plaintiff fails to prosecute or otherwise comply with [the] rules or a court order." Fed. R. Civ. P. 41(b); *see also Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014) (per curiam). Under Rule 41(b), a district court may dismiss an action *sua sponte* for failure to prosecute after notifying the plaintiff. *See LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001). "A district court considering a Rule 41(b) dismissal must weigh five factors: '(1) the duration of the plaintiff's failure to comply with the court order, (2) whether plaintiff was on notice that failure to comply would result in dismissal, (3) whether the defendants are likely to be prejudiced by further delay in the proceedings, (4) a balancing of the court's interest in managing its docket with the plaintiff's interest in receiving a fair chance to be heard, and (5) whether the judge has adequately considered a sanction less drastic than dismissal.'" *Baptiste*, 768 F.3d at 216 (quoting *Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996)). "No single factor is generally dispositive." *Id.*

2

## DISCUSSION

Numerous factors weigh in favor of dismissing this action under Rule 41(b). First, the duration of Plaintiff's failure to comply with the Court's repeated requests for an update is over a year. Plaintiff first failed to respond to the Court's order of October 14, 2022, and has not responded to subsequent orders directing that he provide the Court with an update. Second, it has been almost two months since the Court warned Plaintiff that the failure to timely file a status letter may result in dismissal of this action pursuant to Rule 41(b). Additionally, the Court warned Plaintiff over a month ago, on October 26, 2023, that failure to file a timely status letter *will* result in dismissal under Rule 41(b). Finally, this case has been stayed since 2015, and the Court has an obligation "to secure the just, speedy, and inexpensive determination of every action and proceeding." Fed. R. Civ. P. 1. Accordingly, dismissal is appropriate here.

Nonetheless, the Court concludes that a "less drastic" sanction than dismissal with prejudice is appropriate in this case. *Baptiste*, 768 F.3d at 216–17 (explaining that dismissal with prejudice "has harsh consequences for clients, who may be blameless" and therefore "should be used only in extreme situations"). The case was stayed at an early stage of litigation, just after the Complaint was filed and it does not appear from the docket that Defendant has put significant resources into defending the case. This action has also not substantially burdened the Court's docket: the Court has not decided any substantive motions, held any hearings, presided over any discovery, or scheduled trial. Under these circumstances, the Court finds that dismissal without prejudice is a less harsh, and more appropriate, sanction for Plaintiff's failure to communicate with the Court or to comply with the Court's orders.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that this case is dismissed without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). The Clerk of Court is respectfully directed to close the matter.

SO ORDERED.

Dated:	November 30, 2023
	New York, New York

_____

Ronnie Abrams
United States District Judge